UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR HEARING
INTO POSSIBLE GOVERNMENT MISCONDUCT
AND FOR MODIFICATION OF BAIL

June 7, 2016

STEARNS, D.J.

Defendant Barry Cadden seeks a court inquiry into whether government prosecutors may have violated the grand jury secrecy provisions of Fed. R. Crim. P. 6(e) by alerting local news media to his pending arrest notwithstanding a court order sealing the indictment in his case. Cadden's motion is hinged on the presence of television reporters outside his home at the time of his arrest by federal agents at 6:00 a.m. on December 17, 2014. Cadden surmises that "the only conceivable way that reporters and crews, from multiple news outlets, could have arrived at [his] Wrentham home . . . at or about the same time as government agents" is if his impending arrest had been leaked to the news media by the government. Dkt. #408 at 10.

To warrant an evidentiary inquiry into an accusation of a government violation of the grand jury secrecy rule, Fed. R. Crim. P (6)(e), as alleged here, a defendant is required to make a *prima facie* showing that a grand jury matter was disclosed and that a government agent was responsible for the leak.  As was explained by Judge Wolf in *United States v. Flemmi*, 233 F. Supp. 2d 113 (D. Mass. 2000):

> "[i]n determining whether a party alleging a violation of Rule 6(e) based on news media reports has established a *prima facie* case, a court must consider several factors. First, there must be a clear indication that the media reports disclose information about 'matters occurring before the grand jury.' . . . Second, the article or articles must indicate the source of the information revealed to be one of those proscribed by Rule 6(e)."

*Id*. at 116-117, quoting *In re Grand Jury Investigation*, 610 F.2d 202, 216-217 (5th Cir. 1980).

While it is possible that the media were alerted to Cadden's arrest by a government agent (in its brief, the government does not venture a categorical denial),[1] the *prima facie* case stumbles on prong one of the predicate showing, namely, because an arrest is not "a matter occurring before the grand jury."  Quite simply, a grand jury has no authority to issue an arrest

---

[1] It is also possible that the government's suggestion that the media, which had previously covertly surveilled at least one defendant's home, were aware that grand jury indictments were often handed up on Tuesdays and were thus lying in wait "for something to happen" early Wednesday morning. Dkt. #436 at 4.  One of the Channel 5 news clips offered by Cadden implies that the station's presence was the product of its own investigative diligence.

warrant.  Rather, under Fed. R. Crim. P. 9, once an indictment is returned, the government may request the court (typically as here, a Magistrate Judge), to issue a warrant or a summons for the indicted defendant.   If the government requests a warrant, the court has no choice but to issue it because the indictment conclusively establishes probable cause.  *See* C. Wright & A. Leipold, Federal Practice and Procedure: Criminal § 151 (4th ed. 2008).  But it is the court, and not the grand jury, that causes the warrant to issue.

Similarly, it is not the grand jury, but the court, that as a discretionary matter, has the power to order an indictment sealed pending a defendant's arrest.  Fed. R. Crim. P. 6(e)(4), provides that

> [t]he magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.

An indictment returned in open court is a public document unless and until it is ordered sealed.   *United States v. Anderson*, 799 F.2d 1438, 1442 n.5 (11th Cir. 1986) ("[A] 'discovery bill' is not entitled to the status of a public document, as is, for example, an indictment."); *Rogers v. Berger*, 682 F. Supp. 302, 303 (W.D. Va. 1988) ("The grand jury returned the indictment, "a true bill", and the indictment became a part of the public record."); *Cent.*

*S. Carolina Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. Martin*, 431 F. Supp. 1182, 1190 (D.S.C.), *aff'd as modified*, 556 F.2d 706 (4th Cir. 1977) ("The indictment is returned in open court and is a public record."). *Cf. United States v. Abrahams,* 493 F. Supp. 296, 306 (S.D.N.Y. 1980) (confirming that the Assistant U.S. Attorney "supplied no information to the press during this time which was not then a matter of public record . . . before the indictment was returned."); *Bell v. C.I.R.*, 90 T.C. 878, 889-890 n.23 & n.24 (1988) ("Rule 6(f) respecting Finding and Return of Indictment states — 'The indictment shall be returned by the grand jury to a federal magistrate IN OPEN COURT. Sec. 4567.5, IRM, states: 'Once grand jury information has been introduced into the public record, the information is no longer covered by grand jury secrecy and can be used in an investigation. Examples of public record are: trial transcripts, INDICTMENTS, pleadings and sentencing procedures." (emphasis in original)).   Any disclosure of a sealed indictment may violate the Magistrate Judge's order, but it does not constitute a violation of the grand jury secrecy rule. [2]

---

[2] Cadden incongruently complains that the government had no valid basis for requesting that the indictment be sealed in the first place. Dkt. #408 at 16. This is not a subject of judicial inquiry. *See United States v. Balsam*, 203 F.3d 72, 81 (1st Cir. 2000).

Here, I have reviewed each of the media accounts of Cadden's arrest that are recited in the brief, and none imply knowledge of an indictment, only the fact of Cadden's arrest in a present or past tense.[3]  Moreover, none of the accounts even intimate that knowledge of the arrest was obtained from a government source (thus failing prong two of the *prima facie* test).  Once, of course, a defendant is taken into custody, the sealing order dissolves and the indictment resumes its public character.  Indeed, it would be anathema to a free society if the government were permitted to arrest and confine criminal defendants without public knowledge.

In this vein, Cadden's secondary argument that the publicity attendant to his arrest violated his Fourth and Sixth Amendment rights (even assuming that the government were to be shown responsible in some fashion for the volume level of the reportage), was considered and rejected by this court in a prior "perp walk" case, *Brown v. Pepe*, 42 F. Supp. 3d 310 (D. Mass. 2014), *aff'd* (1st Circ. 14-1998) (Jun 19, 2015).  Legally, I find the cases similar enough that the conclusion in *Brown* – that the public interest in a transparent functioning of the criminal justice system will almost always

---

[3] An arrest, of course, does not automatically establish the existence of an indictment.  Many arrests in the federal system are made without a warrant or on a complaint issued pursuant to Fed. R. Crim. P. 4(a).  The Channel 4 coverage reflected this understanding in its prediction that an indictment of Cadden would soon follow his arrest.

outweigh a defendant's interest in privacy in like circumstances involving an arrest – is equally applicable.  And factually, having examined the videotapes of the news broadcasts of Cadden's arrest, there is no comparison between the predawn, fleeting shots of a police car speeding away from Cadden's home and his hasty post-arrest walk from the police station, and the forced and prolonged exhibition of Brown to a gaggle of news media.[4]

## ORDER

For the foregoing reasons, the motion for an evidentiary hearing is DENIED.  The motion for an order directing the government to "discontinue issuing inflammatory press releases" is also DENIED, subject to the court's reminder (if one is necessary) to all parties as to their ethical obligations in this respect.[5]

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[4] Any fear of taint of the jury venire as a result of pretrial publicity, assuming that it has not already dissipated, is one that the court is confident can be addressed during voir dire.

[5] This is not to imply that the court has in fact found any impropriety in the contents of the objected to press releases.  Cadden's complaint that the government acted improperly in seeking his detention after his arrest is also somewhat beside the mark in that the detention request was rejected by the Magistrate Judge.  Cadden's request that his current bail conditions be relaxed in several respects will be referred to the Magistrate Judge (to the extent she has not already acted on the same or like prayers).