UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

ALLA STEPANETS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL,
OR, ALTERNATIVELY, A NEW TRIAL

February 28, 2019

STEARNS, D.J.

Following a ten and one-half week trial, which included six days of deliberations, the jury returned a verdict finding defendant Alla Stepanets guilty of six misdemeanor violations of the federal Food, Drug, and Cosmetic Act (FDCA). Stepanets was acquitted of two felony counts charging racketeering conspiracy and conspiracy to defraud the United States Food and Drug Administration (FDA), and one additional count charging a violation of the FDCA. Stepanets now moves for a judgment of acquittal, or in the alternative, for a new trial on the counts of conviction.

Rule 29 judgments of acquittal are granted sparingly. In deciding such a motion, "we scrutinize the evidence in the light most compatible with

1

the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." *United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995) (quoting *United States v. Taylor*, 54 F.3d 967, 974 (1st Cir. 1995)). "Under the viewpoint principle, a jury charged with determining an accused's guilt or innocence is entitled to consider the evidence as a seamless whole. . . . 'The sum of an evidentiary presentation may well be greater than its constituent parts.'" *Olbres,* 61 F.3d at 974 (quoting *United States v. Ortiz*, 966 F.2d 707, 711 (1st Cir. 1992)).

A district court's power to order a new trial pursuant to Rule 33 is greater than its power to grant a motion for acquittal. *United States v. Rothrock*, 806 F.2d 318, 321 (1st Cir. 1986). The court may consider both the weight of the evidence and the credibility of the witnesses in deciding a motion for a new trial. *Id.* However, "[t]he remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (quoting *United States v.*

*Indelicato*, 611 F.2d 376, 386 (1st Cir. 1979)).[1]

Stepanets makes three arguments in support of her motion, which I will address serially. First, she contends that the strict liability nature of the misdemeanors for which she was convicted violates her right to due process on the grounds that any crime that is "mens-rea-less" is unconstitutional. Def.'s Mem. at 5 (quoting *Morissette v. United States,* 342 U.S. 246, 250 (1952)). She candidly acknowledges that the Supreme Court has held otherwise (specifically in reference to the FDCA), but argues that these cases – *United States v. Dotterweich*, 320 U.S. 277 (1943), and *United States v. Park*, 421 U.S. 658 (1975) – "are wrongly decided." Def's Mem. at 5-6. This may someday be true, but not until the Supreme Court says so. In the meantime, a United States District Court has no power to overrule a Supreme Court precedent.

Second, elaborating on language taken from *Dotterweich* and *Park*,

---

[1] The government argues that Stepanets has waived the motion for a new trial as she does not articulate any basis for the request in her motion or supporting memorandum. Govt's Mem. at 1 n.1. Because the arguments Stepanets makes in support of her motion for an acquittal include a claim of insufficiency of evidence with respect to her knowledge of the invalid prescriptions, there is no reason not to address both motions now. And while the standards governing a motion for acquittal and a motion for a new trial differ in some respects, the disparities have no effect on the outcome here. Consequently, I will consider both forms of requested relief.

Stepanets argues that she held too lowly a position at New England Compounding Center to have had "'a responsible share in the furtherance of the transaction which the statute outlaws,'" 320 U.S. at 284, and as such, lacked "the [managerial] power to prevent the act complained of." 421 U.S. at 671. As the government correctly notes, the language that Stepanets culls from *Dotterweich* and *Park* relates to the liability (or potential liability) of corporate officers who themselves do not carry out the proscribed criminal acts but delegate them to others. Stepanets was charged rather under the prong of the statute that imposes liability on a defendant for her own acts.

Finally, Stepanets argues that there is no evidence that she "dispensed" the drugs within the meaning of the statute. The argument relies on this court's prior reading of the use of the word "dispense" in the FDCA as it pertains to the role a licensed pharmacist (like Stepanets) plays when she fills (puts together) a medical prescription to be delivered to a patient. *See United States v. Chin*, No. 14-10363-RGS, 2016 WL 5842271, at *4 (D. Mass. Oct. 4, 2016). While I remain sympathetic to the argument, the First Circuit reversed this court on that specific ground and remanded the case for trial. *See United States v. Stepanets*, 879 F.3d 367 (1st Cir. 2018). In doing so, the First Circuit agreed with the government that "dispensing" under the

4

FDCA may consist of no more than "the kind of checking that pharmacists regularly do when filling prescriptions, *i.e.*, confirming that legit prescriptions triggered the drug shipments." *Id.* at 374.[2] Because the First Circuit's ruling is definitional in nature, and not subject to differential factfinding at trial, I am bound by the law of the case doctrine to respect it.[3]

---

[2] Stepanets' ancillary argument that the evidence did not support an inference that she knew that palpably false patient names were being used on the confirming prescriptions is simply not the case, as the government notes in its response. *See* Gov't Br. at 5 n.2. The court has also previously rejected the argument that federal law does not require that a valid prescription be made out in the name of a genuine patient. *See Chin, supra*, at *3 n.2.

[3] This is not to say that the First Circuit is precluded from reconsidering the issue on appeal. The law of the case doctrine has two branches. Under one branch of the doctrine, which is permissive and flexible, a court will as a rule respect and follow its prior rulings in a case, but is not foreclosed from reconsidering a decision that has been eclipsed by a change in controlling legal authority, or by new evidence that has come to light, "or by a showing that the earlier decision is blatantly erroneous and, if uncorrected, will work a miscarriage of justice." *United v. Matthews*, 643 F.3d 9, 14 (1st Cir. 2011). The other branch of the doctrine – "sometimes known as the mandate rule – far more stringently precludes a lower court from contravening the rulings of a higher court made at an earlier stage of the same controversy." *Conley v. United States*, 323 F.3d 7, 12 (1st Cir. 2003) (*en banc*). *See also Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 175 (1st Cir. 2013) ("The mandate rule . . . requires a court to 'scrupulously and fully' carry out a higher court's order after remand" and "'forecloses the lower court from reconsidering matters determined in the appellate court.'").

ORDER

For the foregoing reasons, the motion for judgment of acquittal, or, alternatively, for a new trial is <u>DENIED</u>.

                                  SO ORDERED.

                                  <u>/s/ Richard G. Stearns          </u>
                                  UNITED STATES DISTRICT JUDGE